UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TB HOLDING COMPANY LLC, a Colorado limited liability company,  Plaintiff,  v.  J & S SIDING, an Idaho limited liability company,  Defendant. | Case No. 4:22-cv-00307-BLW  **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff's Amended Motion to Strike Defendant's Answer. Dkt. 14. For the reasons discussed below, the Court will deny the motion as moot.

## BACKGROUND

Plaintiff TB Holding Company filed a complaint alleging three counts of patent infringement against Defendant J & S Siding. Dkt. 1. On August 29, 2022, Stephanie Walrath, a co-owner of Defendant, filed an answer. Dkt. 10. Plaintiff promptly moved the Court to strike the answer because District of Idaho Local Rule 83.4(d) prohibits an entity other than an individual from appearing in a civil

MEMORANDUM DECISION AND ORDER - 1

case before this Court without an attorney. Dkt. 13. Defendant is a limited liability company and Stephanie Walrath, who filed the answer, is not licensed to practice law before this Court. Dkt. 10. Plaintiff has filed an amended motion to strike which supersedes the original motion and is the operative motion disposed of by this order.

Two weeks after Plaintiff filed its amended motion to strike, Frederick Hahn, a licensed attorney, filed a notice of appearance on behalf of Defendant. Dkt. 15. Shortly thereafter, he filed an amended answer to Plaintiff's complaint. Dkt. 17.

## LEGAL STANDARD

Local Rule 83.4(d) clearly establishes that entities, including LLCs, can only appear in this Court through licensed attorneys. Logically, then, any pleading filed by a non-attorney on behalf of an LLC is improper and may be stricken under Rule 12(f) of the Federal Rules of Civil Procedure. *See 1-800 Radiator Franchise, Inc. v. Blincoe Diversified Alternatives, LLC*, 2011 WL 1843302 (D. Idaho May 15, 2011), *vacated on other grounds*, 2011 WL 3269316 (striking answer under Local Rule 83.4(d)).

When enforcing Local Rule 83.4(d) in the past, this Court has given litigants a fair opportunity to cure by retaining counsel within 21 days. *See Hall v. Childers*,

MEMORANDUM DECISION AND ORDER - 2

2017 WL 878231 (D. Idaho March 6, 2017) (granting 21 days to file notice of appearance of counsel); *Nelson-Ricks Cheese Co. v. Lakeview Cheese Co.*, 2020 WL 1465738 (D. Idaho March 25, 2020) (same). Although entity-parties often wait until the Court orders them to retain counsel, there is no reason why an entity-party cannot self-correct prior to a court order by bringing itself into compliance with Rule 83.4(d). In fact, that is much preferred.

## ANALYSIS

Defendant clearly failed to comply with Local Rule 83.4(d) when no attorney appeared on its behalf and Stephanie Walrath, a non-attorney, filed its answer. However, likely prompted by Plaintiff's motion to strike, Defendant self-corrected by notifying the Court of Frederick Hahn's appearance and filing an amended answer through Mr. Hahn. This course is the gold standard for entities that initially fail to comply with Local Rule 83.4(d).

Thus, because Defendant's amended complaint is proper, Plaintiff's motion to strike moot.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Amended Motion to Strike (Dkt. 14) is denied as **MOOT**.

DATED: November 7, 2022

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 4**