UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| T.B. HOLDING COMPANY, LLC, a Colorado limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>J&S SIDING, an Idaho limited liability company,<br><br>Defendant. | Case No. 4:22-cv-00307-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is TB Holding's motion to compel discovery (Dkt. 63). The Court ordered an expedited briefing schedule, and the motion is fully briefed. For the reasons described below, the Court will grant the motion.

## BACKGROUND

This case arises from the 2009 sale of a log-siding machine by Ted Bauman, the founder of TB Holding, to J&S. TB Holding holds several related patents covering the log-siding machine and the log-siding itself. The log-siding machine uses discs to shape the siding and create particular hew-lines to mimic log siding. The machine was sold to J&S with one set of discs and J&S has fabricated a

second set of discs. TB Holding filed its Complaint against J&S alleging J&S'
manufacturing of log-siding and creation and use of the second set of discs
infringes on TB Holding's patents.

Discovery in this matter has had no shortage of disputes. The Court's law
clerk has held two informal conferences and been privy to several more
communications attempting to resolve these disputes. The subject of the current
motion is the TB Holding's Interrogatories number 10 through 14 and Requests for
Production 11 through 20 and 25 through 27. *Pl.'s Brief* at 1, Dkt. 63. These
discovery requests are related to the same information: the addresses of the
buildings where J&S installed log-siding and the associated revenue information.

TB Holding first raised this dispute in March 2023. The Court's law clerk
held an informal discovery dispute conference, where J&S indicated it would
produce the address information following the entry of a protective order. The
parties stipulated to such an order and the Court entered a protective order. J&S,
however, did not produce the address information.

The Court's law clerk held a second discovery dispute conference with the
parties in November 2023. TB Holding indicated it would limit its request to those
addresses where log-siding was installed after 2016. At the conference, J&S again
indicated it would produce this information by the end of the month. It did not.

MEMORANDUM DECISION AND ORDER - 2

The Court's law clerk was again contacted in December 2023 because J&S had not produced financial information. J&S indicated that they had produced the information and TB Holding confirmed the dispute was resolved. TB Holding, however, requested to file a motion to compel in January 2023 because it still had not received all of the requested address information. The Court granted the request and ordered an expedited briefing schedule. J&S then emailed, again, indicating it would produce the requested information. Based on this representation, the Court delayed the briefing schedule on the motion to compel for a week. The parties, however, were unable to resolve the dispute within that time and TB Holding filed this motion to compel.

## LEGAL STANDARD

Pursuant to Rule 37, a party seeking discovery may move for an order compelling production by a party who has failed to answer an interrogatory or produce requested documents. Fed. R. Civ. P. 37(a)(3). While the moving party must make a threshold showing of relevant, the party resisting discovery carries the "heavy burden" of showing specifically why the discovery request is irrelevant, unduly burdensome, disproportional to the needs of the case of otherwise improper. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) [check].

The purpose of discovery is "to prevent surprise, prejudice and perjury

during trial." *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008) (citation, internal quotation marks, and ellipses omitted). Thus, liberal discovery is allowed, and relevance, for purposes of discovery is to be construed broadly "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issues that is or may be the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted); *see Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) ("Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes."). On the other hand, liberal discovery does not mean unlimited discovery. *See Oppenheimer*, 437 U.S. at 351–52.

If the motion to compel is granted, the Court must, after opportunity for a hearing, order the party whose conduct resulted in the motion, or attorney advising the conduct, or both, to pay the reasonable attorney's fees of the movant. Fed. R. Civ. P. 37(a)(5)(A). However, the Court must not order such fees if the moving party filed the motion before making a good faith effort to obtain disclosure without court intervention, the nondisclosure was substantially justified, or other circumstances would make the award of fees unjust. Fed. R. Civ. P. 37(a)(5)(A)(i-ii).

## ANALYSIS

**MEMORANDUM DECISION AND ORDER - 4**

TB Holding seeks an order that would require supplementation of several interrogatories and requests for production. More specifically, it seeks (1) the name and address of each person for whom J&S installed log siding; (2) the address of each structure on which J&S installed log siding; (3) an indication of which jobs were made with siding from non-original discs; and (4) revenue information corresponding to each job. *See Pl.'s Opening Brief*, at 1, Dkt. 63. The Court will grant the motion.

A.   **Address Information**

TB Holding requests the names and addresses of each person or customer for whom, and the addresses of all structures where, J&S installed any log-siding and that same information for the addresses where J&S installed log siding made from the J&S attachment. TB Holding argues that J&S' response is deficient because it excludes addresses from 2009 through 2014, does not indicate which discs were used at each address, and is otherwise incomplete. J&S claims it has already produced this information. It does not dispute the relevance of this request. The Court agrees that the information is relevant and will grant TB Holding's motion to compel.

J&S briefly disputes that address information from before 2016 is not covered by this dispute. That argument, however, is not persuasive. As part of an

informal discovery dispute conference with the Court's law clerk, TB Holding offered a compromise position that J&S only needed to produce address information dating back to 2016. That conference, however, was in November 2023 and J&S did not comply with the request by the date discussed at the conference. The Court is not going to hold TB Holding to that compromise when J&S did not actually produce the information in the time frame discussed.

It is clear, however, that J&S's main argument is that it has already produced this information. And to the extent J&S has already produced *all* of the address information, as it claims, it still has not fully complied with the interrogatories by identifying which discs were used at each address. Even so, the bigger concern here is that J&S has repeatedly failed to produce complete information—even if that failure is inadvertent. This has led to a prolonged discovery dispute, repeatedly requiring Court involvement, that still has not reached a resolution. After the production of the most recent list of addresses on February 2nd, TB Holding discovered that the list omitted at least one address. The Court cannot ignore these previous deficiencies and, accordingly, will grant TB Holding's motion to compel responses to Interrogatories Nos. 11–14 and the related Requests for Production Nos. 11–20.

### B.   Revenue Information

TB Holding requested, and was granted, permission to file a motion to compel on a limited issue: the production of address information. *Pl.'s Ex. D*, Dkt. 63-4 (explaining that TB Holding requested permission "to file a motion to compel J&S to disclose the addresses of where its simulated log-siding has been installed."). The Court did not understand this request to include the revenue information, as reflected in Interrogatory No. 10 and the corresponding Requests for Production. That said, this issue was discussed at the informal conference in November 2023.  In addition, when J&S failed to produce this information, TB Holding, in December 2023, requested either a second conference with the Court to resolve this dispute or permission to file a motion to compel. The Court granted TB Holding permission to file a motion to compel the financial information, however, TB Holding informed the Court this dispute was resolved and it did not file a motion.

In its most recent communications with the Court, TB Holding indicated that this motion to compel related only to the address information and made no mention about any outstanding dispute over revenue or financial information. Pl.'s Ex. D, Dkt. 63-4 (requesting permission to file motion to compel addresses information as outlined in point one of its November 2023 position paper); *see* Pl.'s Ex. J at 4, Dkt. 63-7 (point one requests the Court to "[r]equire J&S siding to produce address

information of tis log-siding jobs."). It did not raise this issue again in later communications with the Court. *See* Pl's Ex. D, Dkt. 63-4.

Although TB Holding mentioned in its opening brief that it had sought revenue information as part of its prior discovery requests, however, that it was seeking to compel production of such information was less than clear before this brief was filed. J&S, perhaps confused by this change in course, did not directly address the issue in its responsive brief.  There is a temptation to simply deny the request as not having been properly brought pursuant to the Court's direction to the parties. However, on the surface, it appears that TB Holding is entitled to this information, and denying the motion may lead to yet another motion to compel. Accordingly, the Court will grant TB Holding's motion to compel the revenue information sought in Interrogatory No. 10 and in Requests for Production 25, 26, and 27, but invite J&S to file a motion to reconsider within 10 days of this order, if it feels there are factual or legal issues concerning the motion which it has not had the opportunity to address in its responsive brief and the Court has not addressed in this decision.

## C.    Fees and Costs

TB Holding also requests the Court award it fees and costs associated with bringing this motion. The Court agrees that TB Holding is likely entitled to

reasonable fees incurred in bringing this motion. TB Holding may submit a brief arguing this point and detailing such attorneys' fees and costs within 30 days of this order, with the regular briefing schedule to follow.

### D.    Other Issues

Finally, J&S raises several issues unrelated to the motion to compel including a second request to continue discovery until the resolution of the motion for summary judgment and several issues with TB Holding's discovery conduct. The Court will, again, deny the request to continue or extend discovery. If the parties can reach an agreement to extend, continue, or reopen discovery, the Court would consider, and probably grant, that request. Absent agreement between the parties, the Court will not grant this request. The parties have received one lengthy extension already and at the time of J&S' first request there were only a few outstanding issues. Further, J&S's concerns with TB Holding's discovery conduct is not the subject of this motion and the Court will not address it here.

ORDER

**IT IS ORDERED that:**

1.    Plaintiff's Motion to Compel (Dkt. 63) is **GRANTED**.

2.    Defendant must provide supplemented responses to Interrogatories 10, 11, and 13 and Requests for Production 11–20 and 25-27 within 30

days of the entry of this order. The close of discovery does not affect this deadline.

3.      J&S may, within 10 days of the entry of this order, move for reconsideration of this decision regarding the revenue information sought in Interrogatory No. 10 and Requests for Production 25, 26, and 27.

4.      Plaintiff may file a motion for attorneys' fees and costs within 30 days of the entry of this order with the regular briefing schedule to follow.

DATED: March 19, 2024

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 10**