UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TB HOLDING COMPANY LLC, a Colorado limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>J and S SIDING COMPANY, LLC, an Idaho limited liability company,<br><br>Defendant. | Case No. 4:22-cv-000307-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is J&S Siding Company's motion to compel (Dkt. 90). For the reasons described below the Court will grant the motion in part and deny the motion in part.

### BACKGROUND

This motion arises from one of the many discovery disputes in this case. In 2022, TB Holding Company filed a Complaint against J&S alleging infringement of three patents covering a simulated log-siding panel and the machine attachment used to create it. *Complaint*, Dkt. 1. The Court entered a scheduling order setting the close of discovery for June 2023. *Scheduling Order*, Dkt. 27. That deadline was

MEMORANDUM DECISION AND ORDER - 1

ultimately pushed back until February 21, 2024. *Amended Scheduling Order*, Dkt. 40. Despite this deadline, the parties agreed to conduct J&S's 30(b)(6) deposition of TB Holding and its 30(b)(1) deposition of Ted Baum on February 23rd—after the close of discovery. Pl.'s Ex. U, Dkt. 89-3. That deposition is the main source of the current dispute for several reasons. First, on the day of the deposition, TB Holding provided a complete copy of an exclusive license agreement between it and North American Machine of Colorado ("NAMC") for the first time. *Motion* at 3, Dkt. 90. Second, TB Holding changed its corporate representative for the deposition minutes before the deposition was set to start. *Id.* at 4. A third issue relates to a subpoena J&S intends to serve on NAMC that it first provided to TB Holding on February 21, 2024, a few days before the deposition. Def. Ex. D, Dkt. 90-5.

    The exclusive license agreement was previously produced by TB Holding in February 2023 and, again, in January 2024, however, both copies were incomplete. Pl.'s Ex. A, Dkt. 89-2; Pl.'s Ex. C, Dkt. 89-2. J&S never asked TB Holding for the complete version, although it is plain from the face of the document that pages are missing—for example, it skips from page 1 to page 10. *Id.* The morning of the 30(b)(6) deposition of TB Holding, February 23, 2024, counsel for TB Holding realized the exclusive license agreement was never produced in its complete form

**MEMORANDUM DECISION AND ORDER - 2**

and provided a copy of the complete, but not signed, agreement to J&S.[1] It also provided a copy of TB Holding's Operating Agreement. *Seventh Camacho Decl.* ¶ 4, Dkt. 89-1. J&S did not review either document before or during the deposition. *Motion* at 4, Dkt. 90.

Additionally, when counsel arrived at the deposition site, counsel for TB Holding informed J&S that Ryan Reed-Baum rather than Ted Baum would be TB Holding's corporate witness. *Id.* TB Holding had previously indicated that Ted Baum would serve as TB Holding's representative, but "reserve[d] the right to change" their witness. Pl.'s Ex. R, Dkt. 89-3.

During the 30(b)(6) deposition, counsel for J&S asked Mr. Reed-Baum about TB Holding's statement in the Complaint that it "manufactures, distributes, and sells elongated metal simulated log siding panel in the state of Colorado." *Complaint* at ¶ 4, Dkt. 1. Mr. Reed-Baum clarified this statement was not accurate because "TB Holding Company LLC is a holding company of patents that are exclusively licensed to North American Machine of Colorado." Def. Ex. C at 20:4-19, Dkt. 90-4. Counsel also asked a few questions about NAMC but did not ask about the operating agreement or the exclusive license agreement. *See* Pl.'s Ex. M,

---

[1] TB Holding later produced the complete and signed version of the agreement. Pl.'s Ex. F, Dkt. 89-2.

**MEMORANDUM DECISION AND ORDER - 3**

Dkt. 89-3. J&S explains that counsel did not have time to review the documents because counsel needed to adjust deposition outlines and complete two depositions before 5 p.m. due to time restrictions at the deposition site. *Motion* at 4, Dkt. 90.

After the deposition, counsel for J&S requested that TB Holding consent to an extension of fact discovery into NAMC, not oppose J&S pursuing NAMC's compliance with the subpoena, and, at TB Holding's expense, provide a 30(b)(6) witness for a second deposition to testify about the operating agreement and NAMC. Def. Ex. D, Dkt. 90-5. TB Holding did not consent, and J&S raised the issue with the Court. Pl.'s Ex. Q, Dkt. 89-3. The Court's clerk conducted an informal mediation session; however, it was clear the parties were unlikely to reach any resolution. The Court then granted J&S permission to file this motion to compel.

## ANALYSIS

J&S requests that the Court: (1) reopen discovery on the issue of whether NAMC is a necessary party to this litigation; (2) prohibit TB Holding from opposing J&S seeking NAMC's compliance with a third-party subpoena; and (3) compel a second 30(b)(6) deposition, at TB Holding's expense, on the operating agreement, the relationship between TB Holding and NAMC, and the Rule 11 basis for statements made in the Complaint. The Court will address each request in

**MEMORANDUM DECISION AND ORDER - 4**

turn.

### A.     Reopening Discovery

J&S requests the Court reopen discovery on the issue of whether NAMC is a necessary party pursuant to Federal Rule of Civil Procedure 19. The Court is concerned that this issue is only first raised now, over 18 months after the Complaint was filed. Nonetheless, the Court will grant the request.

The deadline for completing discovery was February 21, 2024, which has now passed. Once a deadline set forth in the Case Management Order has passed, a party must show good cause to justify amending the Order. Fed. R. Civ. P. 16(b). When considering a motion to amend a scheduling order to reopen discovery the Ninth Circuit has instructed district courts to consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that discovery will lead to relevant evidence.

*City of Pomona v. SQM North America Corporation*, 866 F.3d 1060, 1066 (9th Cir. 2017). Although the request is opposed, trial has yet to be scheduled. The parties had a lengthy discovery period including an eight-month extension of the original deadline. J&S's failure to conduct further discovery into NAMC does raise

MEMORANDUM DECISION AND ORDER - 5

some questions about its diligence. It was aware of NAMC and was, seemingly, aware that TB Holding produced incomplete agreements. Yet, J&S did not to bring these deficiencies to either TB Holding's or the Court's attention.

That said, the Court cannot ignore that TB Holding failed to produce the full agreement until after the close of discovery. This failure is compounded with the inaccurate statement in the Complaint that TB Holding manufactures, distributes, or sells simulated log siding when, in fact, it licensed those rights to NAMC. While J&S certainly knew of NAMC,[2] it's hard to see how J&S should have known that NAMC was TB Holding's exclusive licensee, when the Complaint suggested otherwise. Thus, it was not necessarily foreseeable to J&S that additional discovery was required on the issue of joinder.

Ultimately, the prejudice to TB Holding is minimal, and its responsibility for the requested reopening is clear. TB Holding did not completely produce documents and it failed to correct a misstatement in its Complaint. The discovery will be limited by subject and will only be reopened for a short period of time.

---

[2] For one, the incompletely produced document did include the signature page where Ted Baum signed on behalf of NAMC. Pl.'s Ex. A, Dkt. 89-2. Request for Production No. 16, served in January 2024, requested communications between TB Holding and NAMC. Def.'s Ex. B, Dkt. 90-4. Finally, J&S acknowledges that all of the licensing agreements produced by TB Holding listed NAMC as the licensor, not TB Holding. *Motion* at 7, Dkt. 90.

**MEMORANDUM DECISION AND ORDER - 6**

Determining whether NAMC is a necessary party is an important issue that implicates TB Holding's standing. *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1344 (Fed. Cir. 2006) ("For the same policy reasons that a patentee must be joined in any lawsuit involving his or her patent, there must be joinder of any exclusive licensee."). TB Holding suggests that this can be resolved simply by looking to the agreement itself, which did not transfer to NAMC the right to enforce the patents. *See* Pl.'s Ex. F, Dkt. 89-2. While the right to enforce a patent is a "key factor," it does not necessarily resolve whether an exclusive licensee is a necessary party.[3] *See Luminara Worldwide, LLC v. Liown Electronics Co. Ltd.*, 814 F.3d 1343, 1350 (Fed. Cir. 2016). In light of TB Holding's misstatement in the Complaint, J&S should have some opportunity to investigate this issue. As such, the Court will reopen discovery, but limited to the issue of whether NAMC is a

---

[3] TB Holding transferred NAMC the right to make, use, and sell the simulated log-siding but retained the right to enforce the patents. Pl.'s Ex. F, Dkt. 89-2. "When there is an exclusive license agreement, as opposed to a nonexclusive license agreement, but the exclusive license does not transfer enough rights to make the licensee the patent owner, either the licensee or the licensor may sue, but both of them generally must be joined as parties to the litigation." *Alfred E. Mann Foundation for Scientific Research v. Cochlear Corp.*, 604 F. 3d 1354, 1360 (Fed. Cir. 2010); *see also Princeton Digital Image Corp. v. Hewlett-Packard*, No. 12 Civ. 779 (RJS), 2013 WL 1454945, at *2 (S.D.N.Y. Mar. 21, 2013) ("[A]n exclusive licensee that possess exclusionary rights, but less than all substantial rights, has constitutional standing to sue but may not do so without joinder of the patentee as a necessary party. Similarly, a patentee that has transferred some but not all substantial rights retains constitutional standing to sue but may be required to join its exclusive licensee.").

**MEMORANDUM DECISION AND ORDER - 7**

necessary party. All discovery must be complete within 45 days of the issuance of this order.

### B.    Prohibit TB Holding from Opposing the Subpoena

J&S requests that the Court prohibit TB Holding from opposing J&S seeking NAMC's compliance with a third-party subpoena. It argues third-party discovery on the issue of joinder is necessary given TB Holding's misstatement in the Complaint. The Court will deny this request.

Neither party submitted a copy of the subpoena, so the Court has not reviewed the subpoena. It would be inappropriate to prohibit TB Holding from opposing the subpoena when the Court does not even know what the subpoena requests.[4] It also appears likely that some of the requests in the subpoena do not relate to the issue of joinder because J&S first provided a copy of the subpoena on February 21st, before it knew the content of the exclusive license agreement or of TB Holding's misstatement in the Complaint. Presumably, the requests in the subpoena do not relate to the issue of joinder because J&S claims it was not aware

---

[4] There is, of course, a question about whether TB Holding would have standing to object to the subpoena or if only NAMC could object. *See e.g.*, *FemtoMetrix Inc. v. Huang*, No. 23-mc-80332-TSH, 2024 WL 396186, at * 5 (N.D. Cal. Feb. 1, 2024) ("[A] party generally has no standing to quash a subpoena served upon a third party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." (internal quotation marks omitted)). That issue, however, is not before the Court.

**MEMORANDUM DECISION AND ORDER - 8**

of that issue until February 23rd. That said, this order does not prohibit J&S from serving a subpoena on NAMC provided that the requests relate only to the limited issue to be explored in reopened discovery. The Court, however, will not prohibit TB Holding from challenging that subpoena if warranted. Accordingly, J&S's request is denied.

### C. Second 30(b)(6) Deposition

Finally, J&S requests the Court compel TB Holding to produce a witness for a second a 30(b)(6) deposition. J&S explains this deposition is necessary to obtain information about whether NAMC is a necessary party, information about TB Holding's damages contentions, and the Rule 11 basis for statements made in the Complaint.

It seems that there are several factors that contributed to J&S's inability to cover the topics it wanted to at the 30(b)(6) deposition. First, counsel for J&S decided to conduct a 30(b)(6) deposition of TB Holding and 30(b)(1) deposition of Ted Baum concurrently to save J&S the expense of two depositions. Pl. Ex. M at 137:25–138:1, Dkt. 89-3. By choosing to do this, J&S placed certain limitations on itself—it could have taken two separate depositions. Second, J&S noticed the depositions for a date it knew would not work, so the depositions had to be

rescheduled for after the close of discovery.[5] Pl.'s Exs. S & U, Dkt 89-3. It also noticed the depositions for Idaho Falls when the deponent lived in Colorado and counsel indicated Ted Baum would not be in Idaho Falls. *Id.* Finally, counsel never looked at the exclusive licensing agreement or operating agreement even after it received copies of the documents on the day of the deposition.

At the same time, TB Holding unilaterally determined that a deposition could occur, at the earliest, 14 days after J&S provided notice of the deposition under Federal Rule of Civil Procedure 32(A)(5). Pl.'s Ex. S, Dkt. 89-3. This is not necessarily the case. *See Eberlein v. Michels Corporation*, No. 2:22-cv-1827, 2023 WL 6959290, at *3 (W.D. Wash. Oct. 20, 2023) ("Federal courts have held that 14, 10, 8, and even 5 days is reasonable notice under specific circumstances."). TB Holding also indicated that Mr. Baum would likely be the 30(b)(6) witness and did not provide notice to J&S that the witness would instead be Mr. Reed-Baum until the start of the deposition.

Consistent with reopening discovery on the issue of whether NAMC must be

---

[5] The parties have differing views on the reason the deposition could not occur on the noticed date. J&S argues it was due to TB Holding's counsel's travel schedule. TB Holding argues that J&S had already provided those dates as possible dates for TB Holding's 30(b)(6) deposition of J&S. Regardless of why the exact reason, J&S knew the date it noticed did not work.

**MEMORANDUM DECISION AND ORDER - 10**

joined, the Court will grant J&S leave to conduct a second 30(b)(6) deposition. J&S shall bear its own costs and the deposition shall be limited to three and a half hours. The deposition shall not cover the Rule 11 basis for statements made in the Complaint. J&S asked Mr. Reed-Baum about the Complaint and could have asked about any Rule 11 basis at that time. The Court sees no reason to permit J&S to ask additional questions on this topic. J&S shall timely serve a notice detailing with more specificity the topics to be covered at this deposition so that TB Holding can prepare a witness.

### D.     Amendment

J&S, somewhat belatedly, also requests the Court require TB Holding to amend its Complaint to correct any statements that are inaccurate or incorrect and allow J&S to file an amended answer. The Court will deny this request. If either party wishes to amend their pleadings in response to this misstatement, the Court would be inclined to grant leave to amend.[6]

### E.     Motion for Fees

J&S may bring a motion for reasonable attorneys' fees related to this

---

[6] To the extent J&S seeks to amend its Complaint to add other affirmative defenses the Court has deemed waived, the Court would deny that request. Any amendment must be related to the misstatement that TB Holding "manufactures, distributes, and sells elongated metal simulated log siding panel in the state of Colorado."

**MEMORANDUM DECISION AND ORDER - 11**

motion. *See* Fed. R. Civ. P. 37(5)(A). Any motion must be filed within 30 days of the issuance of this order.

## ORDER

**IT IS ORDERED that:**

1.      Defendant's motion to compel (Dkt. 90) is **GRANTED IN PART and DENIED IN PART.**

2.      J&S is granted leave to conduct limited additional discovery for the purpose of establishing whether NAMC is a necessary party. Any discovery shall be completed within 45 days of the issuance of this order.

3.      J&S may also conduct a second 30(b)(6) deposition of TB Holding. Any deposition shall not exceed three and a half hours and J&S shall bear its own costs.

4.      J&S may file a motion for fees related to this motion. Any motion must be filed within 30 days of this order with the regular briefing schedule to follow.

DATED: May 8, 2024

_____
B. Lynn Winmill
U.S. District Court Judge