UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TB HOLDING COMPANY LLC, a Colorado limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>J&S SIDING, an Idaho limited liability company,<br><br>Defendant. | Case No. 4:22-cv-00307-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is J&S Siding Company's motion to reconsider the Court's decision granting TB Holding's motion to compel (Dkt. 85). For the reasons discussed below the Court will deny the motion.

### BACKGROUND

Both the parties and the Court are quite familiar with the facts underlying this case, so there is no need to delve deep into the background here. In short, in February 2024 TB Holding filed a motion to compel (1) the name and address of each person for whom J&S installed log siding; (2) the address of each structure on which J&S installed log siding; (3) an indication of which jobs were made with

siding from non-original discs; and (4) revenue information corresponding to each job. *Order*, Dkt. 80. The Court granted the motion. *Id.* at 8. It did so with respect to revenue information even though it was not clear at the time TB Holding requested to file its motion that this information was still in dispute. *Id.* The Court granted this request to avoid the expense and resources of filing a second motion to compel as this is the type of information that parties are generally entitled to. *Id.* The Court also "invite[d] J&S to file a motion to reconsider within 10 days, if it feels there are factual or legal issues concerning the motion which it has not had the opportunity to address." *Id*. This invitation for reconsideration was intended to allow J&S the chance to provide additional information as it pertains to the disputed revenue information. J&S, however, filed its motion seeking reconsideration of the Court's entire order. TB Holding opposes the motion.

## LEGAL STANDARD

Courts have inherent power to modify their interlocutory orders before entering a final judgment. *Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47–48 (1943); *see also* Fed. R. Civ. P. 54(b). "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882,

885 (9th Cir. 2001) (internal citations omitted).

When determining the merits of a request to reconsider an interlocutory order, this Court and others within the Ninth Circuit are often guided by standards of review substantially similar to those used under Rule 59(e). *See Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, Case No. 1:17-cv-00519-DCN, 2020 WL 2841517, at *10 (D. Idaho June 1, 2020). Under Rule 59, reconsideration may be warranted: (1) because of newly discovered evidence; (2) because the Court committed clear error or the order was manifestly unjust; or (3) due to an intervening change in the law. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. AC&S, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

Regardless of the standard or rule under which they are brought, "motions for reconsideration are generally disfavored . . . and may not be used to present new arguments or evidence that could have been raised earlier." *Am. Rivers v. NOAA Fisheries*, No. CV-04-00061-RE, 2006 WL 1983178, at *2 (D. Or. July 14, 2006) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)). "[A] motion for reconsideration should not be granted absent highly unusual circumstances." *Kona Enterprises, Inc v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).

**MEMORANDUM DECISION AND ORDER - 3**

# ANALYSIS

The motion itself does not state any specific ground for reconsideration however, J&S's reply indicates it seeks reconsideration because the Court committed clear error and the order is manifestly unjust. "Clear error occurs when 'the reviewing court on the entire record is left with the definite ad firm conviction that a mistake has been committed.'" *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Although "manifest injustice" acts as a catch-all provision, "the courts of the Ninth Circuit generally treat manifest injustice as very nearly synonymous with clear error." *Greenspan v. Fieldstone Fin. Mgmt. Grp. LLC*, 3:17cv233-PK, 2018 WL 4945214, at *6 (D. Or. Aug. 22, 2018). It is often "defined as an error in the trial court that is direct, obvious, and observable." *Brooks v. Tarsadia Hotels*, No. 3:18-CV-2290-GPC-KSC, 2020 WL 601643, at *5 (S.D. Cal. Feb. 7, 2020) (internal quotation marks omitted). This provision "is not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind." *Young v. Thomas*, No. 14cv2550-JMC, 2015 WL 3397193, at *2 (D. S.C. May 26, 2015) (internal quotation marks omitted). That is exactly what J&S requests the Court to do here. The Court will deny the motion.

J&S makes a host of arguments in favor of reconsideration including that the

requested information has already been produced, the Court misstated "critical facts," the Court did not comply with its discovery dispute procedures, and that Court never resolved J&S's objections to Interrogatories Number 10 through 14. The Court will first address the arguments related to revenue information before turning to the remaining arguments.

### A.     Revenue Information

The Court's order granting TB Holding's motion to compel invited J&S to file a motion for reconsideration if there was a factual or legal basis for its failure to produce the requested revenue information. Despite this invitation's limited scope, J&S opted to seek reconsideration of the Court's entire order. J&S, however, advances two arguments specific to the production of revenue information: that TB Holding did not meet and confer prior to seeking to compel production of this information and that J&S has already produced this information.

Taking a step back, it is helpful to clarify what "revenue information" refers to. As TB Holding explains in its response, it "has often referred to the invoices interchangeably with revenue information because the invoices include some revenue information." *Response* at 13, Dkt. 101. The revenue information, then, is intertwined with the address information. With that clarification, it seems that the parties did meet and confer about at least some of the revenue information. Indeed,

MEMORANDUM DECISION AND ORDER - 5

at an informal conference call with the Court's clerk in November 2023, the parties discussed the production of invoices at some length. Further, to the extent that TB Holding did not fulfill its meet and confer obligations, the Court has discretion to "waive meet-and-confer requirements with respect to any particular motion based on the circumstances of the case." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 302 (D. Nev. 2019). By granting the motion despite the temptation "to simply deny the request as not having been properly brought pursuant to the Court's direction," the Court already exercised this discretion. As such, any failure to meet and confer is not a basis for reconsideration.

Similarly, for the reasons already discussed in the Court's initial order granting the motion, J&S's argument that it has already fully responded to these discovery requests is unavailing when J&S' responses have omitted information about several projects. *See Order* at 6, Dkt. 80. Accordingly, because J&S has not provided any factual or legal reason for reconsideration, the Court will not reconsider its order compelling the revenue information.

### B. J&S's Previously Made Arguments

J&S initial motion focuses on the arguments it made in its original opposition to the motion to compel. It argues it timely responded to TB Holding's discovery requests and supplemented those requests, it provided all documents and

information within in its care, custody, and control. *Motion* at 3, Dkt. 86. These two arguments mirror J&S's previous argument that there is nothing to produce. *Def. Opp. Br.* at 2, Dkt. 64. The Court already addressed and rejected this argument. "[M]otions to reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." *Martinez v. First Nat. Ins. Co.*, No. S-04-1446-LKK/PAN, 2005 WL 3299439, at *1 (E.D. Cal. Dec. 5, 2005). Further, it appears J&S, at least as of the time of TB Holding's opposition, has not fully responded to several interrogatories. As the Court previously determined "to the extent J&S has already produced all of the address information, as it claims, it has not fully complied with the interrogatories." *Order* at 6, Dkt. 80. This appears to still be the case. J&S's restatement of arguments the Court has previously rejected does not warrant reconsideration.

    **C.**    **Misstates Facts**

J&S argues in its motion that the Court misstated critical facts of the case. *Motion* at 3, Dkt. 86. Its unclear from the motion or the reply which facts J&S believes have been misstated. As such, the Court will deny reconsideration on this ground.

D.     **Failure to Comply with Discovery Dispute Procedures**

J&S argues that the Court did not comply with its own discovery dispute procedures. In support of this argument, J&S cites to this Court's scheduling order and Idaho Local Rule 37.1. This is an argument that J&S did not but could have raised in opposition to the original motion to compel. A motion to reconsider "may *not* be used to. . . present evidence [or argument] for the first time" that could have been raised earlier. *Kona Enterprises, Inc.*, 229 F.3d at 890. Nonetheless, it lacks any merit.

The scheduling order outlines the Court's procedures for discovery disputes. It states, "I will not entertain any written discovery motions until the Court has been provided with an opportunity to informally mediate the parties' dispute." *Scheduling Order*, Dkt. 27. This process, generally, requires the parties to first engage in an informal mediation with the Court's clerk and if no resolution is reached, then, to schedule an off the record conference with me. I may, on occasion, forgo holding a second mediation when it appears unlikely that any agreement would be reached. That was the case here.

As J&S acknowledges, the parties did have an informal mediation with the Court's clerk in November. Following this conference, the parties continued to correspond on and off with the Court's clerk regarding compliance with the

MEMORANDUM DECISION AND ORDER - 8

discovery requests and the potential filing of a motion to compel. The Court ultimately granted permission to file a motion to compel in February 2024 after extending the deadline for the parties to resolve the dispute on their own. This procedure complies with the Court's discovery dispute procedures. Further, despite J&S's lamentation that TB Holding abused the discovery process, it had the same access to the Court as TB Holding. Accordingly, the Court will deny J&S's request for reconsideration on this basis.

### E. J&S's Objections to Interrogatories No. 10 through 14

J&S states that the Court never ruled on its objections to Interrogatories Numbers 10 through 14. J&S appears not to have raised its objections in any of the briefing submitted on the original motion to compel. *See Def. Opp. Br.*, Dkt. 64; *Def. Reply*, Dkt. 68. It states that, due to the simultaneous briefing schedule imposed by the Court, it did not have the opportunity to address these objections. The Court is unpersuaded that the format of the briefing prevented J&S from addressing its objections and, importantly, J&S did not even reference its objections or inability to raise those objections in its original briefing.

> [W]hen ruling on a motion to compel, a court generally considers only those objections that have been timely asserted in the initial response to the discovery request and that are subsequently reasserted and relied upon in response to the motion to compel; thus when an objection or privilege is initially raised but not relied upon in response to the motion, the court will deem the objection or privilege waived.

**MEMORANDUM DECISION AND ORDER - 9**

*Calderon v. Experian Information Solutions, Inc.*, 290 F.R.D. 508, 516 n.4 (D. Idaho 2013) (internal quotation marks omitted); *see also RG Abrams Ins. v. Law Offices of C.R. Abrams*, 342 F.R.D. 461, 495 n. 8 (C.D. Cal. 2022) ("Objections not defended in the Motion are deemed waived."). J&S cannot belatedly raise these objections now. Accordingly, the Court will deny J&S's motion to reconsider.

### F.     Attorney's Fees

The Court will deny TB Holding's request for attorney's fees pursuant to Federal Rule of Civil Procedure 11(c). TB Holding argues an award the award of fees is appropriate because J&S did not have any basis for reconsideration and failed to "cite the standard or engage with the case law." *Response* at 15, Dkt. 101. The Court may impose sanctions under Federal Rule of Civil Procedure 11 if a pleading or paper filed with the court is frivolous, lacks evidentiary support, or is filed for an improper purpose. Fed. R. Civ. P. 11(b)(1), (2). "The standard governing both the 'improper purpose' and frivolous' inquiries is objective. . . . The standard is reasonableness." *G.C. and K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003) (quoting *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986)) (overruled on other grounds by *Hall Street Assocs. LLC v. Mattel*, 552 U.S. 576 (2008)). The Court does not find that J&S's filing of this motion to reconsider rises to sanctionable conduct. *See Operating Eng'r Pension*

**MEMORANDUM DECISION AND ORDER - 10**

*Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988) ("Rule 11 is an extraordinary remedy, one to be exercised with extreme caution."). As such, this request is denied.

## ORDER

IT IS ORDERED that:

1. Defendant's Motion for Reconsideration (Dkt. 85) is **DENIED**.

2. Plaintiff's Request for Attorney Fees is **DENIED.**

DATED: June 20, 2024

B. Lynn Winmill
U.S. District Court Judge