UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TB HOLDING COMPANY LLC, a Colorado limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>J and S SIDING, an Idaho limited liability company,<br><br>Defendant. | Case No. 4:22-cv-00307-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is TB Holding Company's motion to strike J and S Siding Company's supplemental filing (Dkt. 108). For the reasons described below, the Court will deny the motion; instead, the Court will permit TB Holding to file a reply to J&S's supplemental response within 14 days of the issuance of this order.

## BACKGROUND

In 2022, TB Holding filed a Complaint against J&S Siding Company alleging J&S infringed on three of TB Holding's patents. *Complaint*, Dkt. 1. The three patents cover a simulated log siding panel (U.S. Patent No. 9,732,529) and the machine attachment used to make the siding (U.S. Patent No. 9,283,604 and

MEMORANDUM DECISION AND ORDER - 1

U.S. Design Patent D602,612). *Id.* J&S filed an answer denying the alleged infringement. *Am. Answer*, Dkt. 17. The parties proceeded to discovery, which due to a lengthy extension, closed in February 2024. *See Am. Scheduling Order*, Dkt. 40. Following the close of discovery, TB Holding filed a motion for partial summary judgment on J&S's affirmative defenses of invalidity and unenforceability. J&S filed a response in opposition to the motion and the Court held a hearing in April 2024. At that hearing, the Court indicated that it was inclined to grant the motion as J&S had not provided any evidence of invalidity or unenforceability.

Three days after the hearing, J&S filed a supplemental response to TB Holding's motion for partial summary judgment. *See* Dkt. 104. This response included a brief two-page memorandum, a supplemental declaration from counsel, and five additional exhibits. Dkts. 104 & 105. TB Holding subsequently filed a motion to strike J&S's supplemental response. *Motion to Strike*, Dkt. 108. J&S opposes the motion to strike.

## ANALYSIS

TB Holding moves to strike J&S's supplemental filing as procedurally improper and lacking competent evidence. The Court will address each argument in turn.

MEMORANDUM DECISION AND ORDER - 2

### 1. Is the Motion Procedurally Proper?

J&S invokes Rule 56(e)(1) as a basis for its supplemental filing. Rule 56(e) provides that when a party fails to competently respond to a motion for summary judgment, the Court has discretion as to how to address this failure, including to "give [the party] an opportunity to properly support or address the facts." Fed. R. Civ. P. 56(e)(1). J&S argues that, based on the Court's representations at the hearing that it failed to competently respond to the motion, J&S should be entitled to supplement its response. TB Holding, on the other hand, argues that J&S's filing is untimely and barred by the Local Rules and would unfairly prejudice it.

TB Holding points out that Local Rule 7.1(c) requires that a party responding to a motion "must serve and file with the response brief any affidavits, declarations submitted in accordance with 28 U.S.C. § 1746, copies of all photographs, documentary evidence, and other supporting materials on which the responding party intends to rely." J&S, by filing this evidence after briefing and argument on the matter were complete, fails to comply with the Local Rules. *See Herrera v. State of Idaho*, No. CV 02-358-S-MHW, 2005 WL 2367540, at *2 (D. Idaho Sept. 27, 2005) (D. Idaho Sept. 27, 2005) (granting motion to strike for failure to comply with Local rule 7.1(c)). This local rule, however, must be considered within the context of "the overriding policy favoring decisions on the

MEMORANDUM DECISION AND ORDER - 3

merits—a policy expressed in the local rules, the case law of the United States Court of Appeals for the Ninth Circuit, and the Federal Rules of Civil Procedure." *Escobar v. Storer*, No. 4:13-cv-00338-CWD, 2015 WL 363488, at *4 (D. Idaho Jan. 27, 2015). Rule 56(e) aligns with this policy as it permits a party to file supplemental material outside of the normal briefing schedule. As such, J&S's noncompliance with Local Rule 7.1(c) does not warrant striking the material.

      Generally, a party seeking to supplement the record generally must file a motion to do so. TB Holding argues that J&S should not be able to circumvent this requirement by filing the material without requesting leave of the Court. The Court will not strike the filing on this basis because had J&S requested leave, the Court likely would have granted it for the reasons outlined below. When considering a motion to supplement the record, district courts in this Circuit have looked to several factors to guide this decision. *See Roosevelt Irrigation District v. Salt River Project Agricultural Improvement Power Dist.*, No. 2:10-CV-00290 DAE-BGM, 2017 WL 2721437, at *3 (D. Ariz. Mar. 14, 2017). This includes whether the request "is appropriate, relevant to the underlying issues, made in good faith, and is not unfairly prejudicial." *Id.* (citing *George v. NW Mut. Life Ins. Co.*, No. C10-668-RSM, 2011 WL 3881476, at *4 (W.D. Wash. Sept. 1, 2011)). Whether to grant a motion to supplement is squarely within discretion of the district court. *See*

**MEMORANDUM DECISION AND ORDER - 4**

*Resilient Floor Covering Pension Tr. Fund Bd. of Trs. v. Michael's Floor Covering, Inc.*, 801 F.3d 1079, 1088 (9th Cir. 2015).

It is plain from J&S's supplemental filing and opposition to the motion to strike that it provided this material based on the Court's statements at the hearing on TB Holding's motion for partial summary judgment. The Court's main concern here is the timing of the filing. J&S only filed this material after the hearing because the Court made clear it would likely grant TB Holding's motion for summary judgment because J&S had failed to present any evidence of a dispute of material fact. As other courts have pointed out, this procedure would seem to give J&S, or any party, a second bite at the apple—they can provide one theory to the Court and, if it seems it will be unsuccessful, to file supplemental material presenting a new, second theory. *See Nakanelua v. United Public Workers, AFSCME, Local 646, AFL-CIO*, No. 20-00442 JAO-KJM, 2022 WL 174098, at *3 (D. Haw. Jan. 19, 2023) ("To permit Plaintiffs to supplement the record after the briefing and argument on Defendants' motion for summary judgment would give them a second bite at the apple."). TB Holding emphasizes this concern when pointing to the prejudice it will face if J&S's supplemental material is considered.

In opposition, J&S cites to the general principle underlying Rule 56(e) that the rule "seems designed to encourage supplementing the motion papers to present

**MEMORANDUM DECISION AND ORDER - 5**

a proper record whenever possible." *Response* at 5, Dkt. 117 (citing *Intermountain Fair Housing Council, Inc. v. Tomlinson & Assocs., Inc.*, No. 1:21-cv-00506-BLW, 2023 WL 1068579 (D. Idaho Jan. 27, 2023)). J&S also highlights the advisory committee notes to Rule 56, which suggest that in many circumstances the Court's "preferred first step" will be allowing such supplementation. Fed. R. Civ. P. 56(e) Advisory Committee Notes (2010). The Advisory Committee Notes are "'a reliable source of insight' on the meaning of a rule." *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013) (quoting *United States v. Vonn*, 535 U.S. 55, 64 n. 6 (2002)). Given the clear intent of Rule 56(e), the Court will not strike J&S's supplemental material. In part, the concerns articulated by TB Holding that allowing the filing would encourage other parties to test multiple theories are mitigated because Rule 56(e) is only applicable where a party fails to competently respond to a motion, as J&S did here. Those situations should be few and far between and litigants who take the risk of not competently responding to get a leg up after the hearing do so at their own peril—it is equally within the Court's discretion to deny such leave to supplement.

### 2. Competency of the Evidence

TB Holding also seeks to strike the evidence submitted in connection with J&S's supplemental filing as incompetent. TB Holding argues J&S's counsel

declaration is improper because it is not made under penalty of perjury in accordance with 28 U.S.C. § 1746. This provision permits the use of unsworn declarations in lieu of a sworn statement if the declaration includes a signed statement stating "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746.  The purpose of this requirement is to be certain "the declarant understands the legal significance of the declarant's statements and the potential for punishment if the declarant lies." *United States v. Bueno-Vargas*, 383 F.3d 1104, 1111 (9th Cir. 2004).

   Indeed, Ms. Ranks' declaration is not made under penalty of perjury. *Ranks Declaration*, Dkt. 105-2. J&S does not directly address this failure in its response brief. *Response*, Dkt. 117. Instead, it argues that this deficiency is not material because the declaration itself is not evidence. *Id.* at 5. Further, J&S argues the exhibits should be considered because it is the content of the evidence attached to the declaration rather than the form that matters at summary judgment. *See Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003). The Court agrees and will not strike the exhibits attached to the Ranks Declaration. *See Skates v. Incorporated Village of Freeport*, 265 F. Supp. 3d 222, 233 (E.D.N.Y. 2017) ("Nevertheless, the Court may still consider the exhibits attached to the [attorney d]eclaration, as

**MEMORANDUM DECISION AND ORDER - 7**

Plaintiff relies on upon the[ d]eclaration for the limited purpose of introducing the documents, files, and records attached thereto, and not for the purpose of asserting or introducing independent facts."). Nor will it strike the Ranks Declaration as the declaration is only used "to identify and introduce into evidence the [attached] exhibit[s]." *Owens-Corning Fiberglas Corp. v. U.S. Air.*, 853 F. Supp. 656, 663 (E.D.N.Y. 1994) (denying a motion to strike an unsworn declaration).

TB Holding also raises several objections to J&S's additional exhibits including that Ms. Ranks lacks the requisite personal knowledge to identify the exhibits attached to her declaration, those exhibits are unauthenticated, and lack foundation. The Court will resolve these objections when it rules on TB Holding's motion for partial summary judgment to the extent it relies on any of those exhibits.

To remedy any potential prejudice to TB Holding by considering this evidence, the Court will permit TB Holding to file a reply to J&S's supplemental material within 14 days of the issuance of this order.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Motion to Strike (Dkt. 108) is **DENIED.**

2. Plaintiff may file a reply to J&S's supplemental filing (Dkts. 104 &

**MEMORANDUM DECISION AND ORDER - 8**

105) within 14 days of the issuance of this order.

DATED: August 4, 2024

B. Lynn Winmill
U.S. District Court Judge