UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TB HOLDING COMPANY, LLC, a Colorado limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>J&S SIDING, an Idaho limited liability company,<br><br>Defendant. | Case No. 4:22-cv-00307-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is J and Siding's Motion for Attorney Fees (Dkt. 122). For the reasons discussed below the Court will deny the motion.

### BACKGROUND

The discovery dispute underlying this motion arose from TB Holding's inadvertent failure to produce a complete version of the exclusive license agreement between it and North American Machine of Colorado, or NAMC for short, until after the close of discovery. *Memo. Decision & Order*, Dkt. 107. When TB Holding realized a complete version of the document was never produced, it provided J&S with a copy of the document the morning of J&S's 30(b)(6)

**MEMORANDUM DECISION AND ORDER - 1**

deposition of TB Holding and 30(b)(1) deposition of Ted Baum. *Id*. This late disclosure limited J&S's ability to ask about the exclusive license agreement during those depositions or serve any related discovery as the discovery window had already closed when the document was disclosed. *Id*. J&S sought to reopen discovery to inquire into the relationship between TB Holding and NAMC as well as conduct an additional deposition related to this topic. TB Holding did not agree that reopening discovery was necessary.

After complying with the Court's discovery dispute procedures, J&S filed a motion to compel. Dkt. 90. The Court granted that motion in part and denied the motion in part. *Memo. Decision & Order*, Dkt. 107. More specifically, it granted J&S request to reopen discovery and compel TB Holding to produce a witness for a second 30(b)(6) deposition. It denied J&S's request that the Court prohibit TB Holding from opposing a subpoena served on NAMC. *Id*. The Court indicated that J&S may bring a motion for fees related to this motion within thirty days. J&S now so moves and TB Holding opposes the request.

## LEGAL STANDARD

When a motion to compel has been granted, the Court must, after an opportunity to be heard, require the party whose conduct resulted in the motion, or the attorney advising the conduct, or both, to pay the reasonable attorneys' fees of

the movant. Fed. R. Civ. P. 37(a)(5)(A). Awarding attorneys' fees is mandatory under Rule 37 unless one of three exceptions apply: (i) the moving party filed the motion before making a good faith effort to obtain disclosure without court intervention; (ii) the nondisclosure was substantially justified; (iii) or other circumstances make the award of fees unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)–(ii). "The awarding of attorney fees under Rule 37 involves a procedural issue not unique to patent law," so Ninth Circuit law applies. *Pickholtz v. Rainbow Technologies*, 284 F.3d 1365, 1371 (Fed. Cir. 2002).

If the moving party is indeed entitled to fees, the Court must determine the amount to which it is entitled. In the Ninth Circuit, courts use the two-step "lodestar method" to calculate a reasonable fee. *Morales v. City of San Rafael*, 96 F.3d 359, 363–34 (9th Cir. 1996). The Court first evaluates whether the rate charged and the hours expended by the attorneys were reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The reasonable hourly rate is then multiplied by the reasonable number of hours to establish a lodestar figure. *Id.* This lodestar figure is a presumptively reasonable fee but may be adjusted based on a variety of

**MEMORANDUM DECISION AND ORDER - 3**

factors.[1] *Gonzales v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Such adjustments, however, are appropriate "[o]nly in rare instances." *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994).

## ANALYSIS

At the outset, TB Holding argues that J&S's motion falls outside the scope of Rule 37 such that it is not entitled to fees resulting from its motion to compel. Rule 37(a)(3) permits a party to file a motion to compel disclosure or a discovery response and subsection (5)(A) mandates the award of fees when such a motion is granted. Here, J&S's motion made three requests: (1) reopen discovery, (2) prohibit TB Holding from opposing a subpoena severed on NAMC, and (3) compel TB Holding to produce a witness for a second 30(b)(6) deposition. At its core, J&S's motion sought additional discovery on whether NAMC is a necessary party to the litigation.

---

[1] Courts are instructed to consider the factors outlined in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), that are "not already subsumed in the lodestar calculation." *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir. 1996). The *Kerr* factors are as follows: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Id.* at 363 n.8.

**MEMORANDUM DECISION AND ORDER - 4**

It seems plain to the Court that J&S's request to reopen discovery, which is the core of its motion, is not within the scope of Rule 37. As described in the Court's earlier Memorandum Decision and Order, this request is governed by Rule 16(b), which requires a showing of good cause to amend the Court's scheduling order. *See Memo. Decision & Order* at 5, Dkt. 107. In this case, good cause existed because TB Holding failed to fully produce the license agreement which is a discovery violation. The existence of this discovery violation, however, does not bring J&S's request within the scope of Rule 37(a)(3). "Rule 37 discusses only motions to compel and motions seeking protective orders, not motions seeking to reopen discovery." *Lodestar Anstalt v. Route 66 Junkyard Brewery*, No. CIV 17-0062 JCH/JHR, 2018 WL 1271326, at *4 (D. New Mex. Mar. 9, 2018).

J&S argues that there "can be no question" that its request falls within the scope of Rule 37. It points to the Court's citation to Rule 37 when it stated that J&S may be entitled to attorney fees related to bringing its motion. This citation does not amount to a conclusion that J&S is entitled to fees under Rule 37, only that it was entitled to the opportunity to be heard on the issue. Further, *Carswell v. Anderson*, cited by J&S, is inapposite. 1:22-cv-00369-BLW, 2024 WL 3104549, at *3 (D. Idaho June 24, 2024). In that case, the moving party sought to compel responses to several discovery requests, not to conduct additional discovery. *Id*.

The need to extend discovery deadlines to ensure the non-moving party complies with specific discovery requests does not bear on the situation here, where J&S sought to reopen discovery to conduct additional discovery not to ensure compliance with already propounded requests. *Id.* Accordingly, it would be inappropriate to levy sanctions under Rule 37(a)(3) for a request to reopen discovery. *See CSX Transportation, Inc v. Norfolk S. Ry. Co.*, 2:18-CV-530, 2021 WL 6333032, at *2 (E.D. Va. Mar. 23, 2021).

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion for Attorneys' Fees (Dkt. 122) is **DENIED**.

DATED: October 1, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 6**