UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TB HOLDING COMPANY LLC, a Colorado limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>J and S SIDING, an Idaho limited liability company,<br><br>Defendant. | Case No. 4:22-cv-00307-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is TB Holding Company's motion for partial summary judgment that its patents are not invalid and not unenforceable (Dkt. 73). For the reasons described below, the Court will grant the motion in part and deny the motion in part.

### BACKGROUND

In 2022, TB Holding filed a Complaint against J&S Siding Company alleging J&S infringed three of TB Holding's patents. *Complaint*, Dkt. 1. The three patents cover a simulated log siding panel (U.S. Patent No. 9,732,529), the machine attachment used to make the siding (U.S. Patent No. 9,283,604), and the

**MEMORANDUM DECISION AND ORDER - 1**

design of the log siding (U.S. Design Patent D602,612). *Id.* J&S filed an answer denying the alleged infringement and pleading several affirmative defenses. *Am. Answer*, Dkt. 17. At the Court's initial scheduling conference, the parties indicated that this was not a traditional patent case and, as such, did not need to comply with the Local Patent Rules. *Scheduling Order*, Dkt. 27. The parties proceeded to discovery, which due to a lengthy extension, closed in February 2024. *See Am. Scheduling Order*, Dkt. 40. Following the close of discovery, TB Holding filed this motion for partial summary judgment that its patents are not invalid and not unenforceable. J&S filed a response in opposition to the motion and the Court held a hearing on April 22, 2024. At that hearing, the Court indicated that it was inclined to grant the motion as J&S had not provided any evidence of invalidity or unenforceability.

Three days after the hearing, J&S filed a supplemental response to TB Holding's motion for summary judgment. *See* Dkt. 104. This response included a supplemental declaration from counsel, and five additional exhibits. Dkts. 104 & 105. TB Holding filed a motion to strike, which the Court denied and, instead, permitted TB Holding to file a reply to the late-filed evidence. *Mem. Decision & Order* at 8, Dkt. 144. TB Holding filed its reply and the partial motion for summary judgment is now ripe.

**MEMORANDUM DECISION AND ORDER - 2**

## LEGAL STANDARD

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). There must be a genuine dispute as to any *material* fact—that is, a fact "that may affect the outcome of the case." *Id.* at 248. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to a material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). "When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). In evaluating whether the moving party has met this burden, the Court must view the evidence in the light most favorable to the non-moving party and the Court must not make credibility findings. *Id.* at 255. Direct testimony

of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).

Once the moving party has met its burden, the non-moving party carries the burden to present evidence showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 323. The non-moving party must go beyond the pleadings and show through "affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Id.* at 324.

## ANALYSIS

TB Holding argues that there is no evidence to support an affirmative defense of invalidity or unenforceability. The Court will first address the issue of invalidity before turning to TB Holding's arguments related to unenforceability.

### A.  Invalidity

Issued patents are presumptively valid. 35 U.S.C. § 282. J&S has raised invalidity as a defense, alleging that its patents are subject to invalidation based on prior art. *Am. Ans.* at 4, Dkt. 17 (seventh affirmative defense). "[A]n alleged infringer who raises invalidity as an affirmative defense has the ultimate burden of persuasion to prove invalidity[.]" *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376–77 (Fed. Cir. 2009). As such, TB Holding need only "point out 'that there is an absence of evidence to support'" J&S's invalidity defense.

MEMORANDUM DECISION AND ORDER - 4

*Devereaux*, 263 F.3d at 1076. It has done so. That, alone, is enough to shift the burden at summary judgment to J&S. *Id.*

Once the moving party carries its initial burden, the non-moving party has "an obligation to produce any evidence in response." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). To survive summary judgment on invalidity, J&S must produce evidence sufficient to show by clear and convincing evidence "that the patent[s] should never have issued in the first place." *Microsoft Corp. v. i4i Ltd. Partnership*, 564 U.S. 91, 96 (2011) (citing § 282 of the Patent Act). To make this showing the accused infringer must demonstrate "the claimed invention falls short of one or more patentability requirements." *Return Mail, Inc. v. United States Postal Service*, 587 U.S. 618, 622 (2019).

Here, J&S claims it pled several affirmative defenses related to invalidity. *Response* at 9, Dkt. 83. Simply invoking these affirmative defenses, without more, does not defeat summary judgment. *Celotex Corp.*, 477 U.S. at 324 ("Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings. . . ."). The Court indicated as much at the hearing on TB Holding's motion, however, J&S subsequently filed a supplemental declaration attaching several exhibits purportedly supporting an affirmative defense of invalidity. Its argument, as briefly

**MEMORANDUM DECISION AND ORDER - 5**

described at the hearing, is that prior art exists that predates the issuance of TB Holding's patents, and that Ted Baum was aware of this prior art. The Court understands this to be an argument for invalidity based on lack of novelty. *See* 35 U.S.C. § 102.

Both the '529 and '604 patents claim priority to the patent application filed in December 2008 and published in June 2010. *See Pl's First Statement of Facts*, ¶ 5, Dkt. 42-2; *Def.'s Supp. Br.* at 7, Dkt. 60. J&S has not presented any evidence that Mr. Cunningham's log-siding machine predates 2008. The discussion in Mr. Baum's deposition regarding his knowledge of the machine and the associated email can only establish that Mr. Baum may have known of the machine in 2010. *See* Def. Ex. 3, 105-3; Def. Ex. 4, 105-4. The images of log-siding, which the Court presumes to be images of Mr. Cunningham's siding, are undated. Def. Exs. 5, Dkt. 105-5; Def. Ex. 6, Dkt. 105-6. This evidence is insufficient to establish that Mr. Cunningham's machine constitutes prior art because the relevant priority date is 2008, when Mr. Baum filed the initial application.

That said, J&S submitted a 2007 letter from North American Machine Manufacturing, or NAMM, to Mr. Walrath that enclosed a "log cabin siding sample." Def. Ex. 7, Dkt. 105-7. The date of this letter is 2007 which, at a minimum, suggests the system predates Mr. Baum's system. J&S, however, did

**MEMORANDUM DECISION AND ORDER - 6**

not submit any additional information about or evidence relating to NAMM's machine. A reasonable jury cannot conclude by clear and convincing evidence that the NAMM's machine contained every element of every claim for any of TB Holding's patents based solely on this letter.

As it must, the Court has given J&S, as the non-moving party, the benefit of every doubt and construed the evidence in the light most favorable to it. Beyond the dictates of Rule 56, the Court has exercised its discretion to consider the late filed evidence despite issues with both the form and timing of the declaration in support. Even so, J&S has not provided or pointed to sufficient evidence to overcome summary judgment. A reasonable jury could not conclude by clear and convincing evidence that the patents are invalid. At best, after reviewing the evidence, the Court is left with no more than the mere possibility that prior art existed that warrants invalidating any of the at-issue patents.

Finally, significant space in the initial motion briefing was spent on whether J&S was obligated to disclose its invalidity theories during discovery. *See e.g.*, *Motion* at 5–6, Dkt. 73; *Response* at 3–5, Dkt. 83. This discussion is irrelevant to the resolution of this motion. Even assuming J&S, as it claims, was not required to disclose this information during discovery, it needed to do so at summary judgment. Summary judgment is the moment where a party must "put up or shut

MEMORANDUM DECISION AND ORDER - 7

up." *Weinstock v. Columbia University*, 224 F.3d 33, 41 (2d Cir. 2000) (quoting Fleming James, Jr. & Geoffrey C. Hazard, Jr., *Civil Procedure* 150 (2d ed. 1977)). Discovery is now closed. Either the evidence in support of its invalidity defense exists or it does not. In response to TB Holding's motion, it was J&S's burden to provide evidence in support of invalidity that create a material dispute. *See Deveraux*, 263 F.3d at 1079. J&S has failed to carry that burden here. The Court will, accordingly, grant TB Holding's motion for partial summary judgment that its patents are not invalid.

B. **Unenforceability**

TB Holding argues it is entitled to summary judgment that its patents are not unenforceable because J&S has not pled unenforceability in its answer and has no evidence to support an unenforceability defense. Although framed broadly, TB Holding's motion focuses only on unenforceability due to inequitable conduct, which J&S agrees it has not pled and is not attempting to raise in opposition to summary judgment. *Response* at 7–8, Dkt. 83.[1]

---

[1] J&S argues that several other affirmative defenses would support a finding of unenforceability. *Response* at 7, Dkt. 83. The Court will not opine on whether these defenses could indeed support a finding of unenforceability as those defenses were not the subject of TB Holding's motion. Even to the extent that TB Holding's motion could be broadly construed as moving for summary judgment that its patents are not unenforceable under any theory, it has (Continued)

**MEMORANDUM DECISION AND ORDER - 8**

In this somewhat odd posture, the Court will deny summary judgment as to unenforceability. A party moving for summary judgment must "identify[ ] each claim or defense. . . on which summary judgment is sought." Fed. R. Civ. P. 56(a). TB Holding's motion identifies and discusses only the defense of unenforceability due to inequitable conduct. It cites the standard J&S would need to meet for that affirmative defense to apply and makes no mention of any other affirmative defense. *See Motion* at 6, Dkt. 73-1. Importantly, J&S has not pled this defense and does not now claim that it applies. To raise this defense, it would need to file a motion to amend—a fact J&S acknowledges in its briefing. Since the motion requests summary judgment on an unclaimed and unpled affirmative defense, the Court will deny summary judgment.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Motion for Partial Summary Judgment (Dkt. 73) is **GRANTED IN PART AND DENIED IN PART**.

---

failed to "point[ ] out through argument—the absence of evidence to support [these defenses]." *Devereaux*, 263 F.3d at 1076 (quoting *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000)). To broadly grant summary judgment would be inappropriate where the moving party did not discuss, or even identify, these defenses in its motion.

**MEMORANDUM DECISION AND ORDER - 9**

DATED: November 1, 2024

_____
B. Lynn Winmill
U.S. District Court Judge