UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TB HOLDING COMPANY LLC, a Colorado limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>J&S SIDING, an Idaho limited liability company,<br><br>Defendant. | Case No. 4:22-cv-00307-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is J and S Siding's Motion to Amend/Correct the Scheduling Order (Dkt. 162). For the reasons set forth below, the Court will grant the motion.

## BACKGROUND

The facts of this case have been thoroughly recited in other decisions. *See* Dkts. 91, 159. The Court will briefly outline the relevant procedural history here. In September 2023, the Court granted the parties joint request for a significant extension of the deadlines, including discovery. Dkt. 40. Discovery closed in February 2024, after which TB Holding filed a motion for partial summary

judgment on invalidity and unenforceability. Dkt. 73. The Court granted that motion in part in November 2024. Dkt. 159. Soon thereafter, J&S filed a motion to reconsider that order. Dkt. 161. During the same time frame, in July 2024, after TB Holding filed an amended complaint, and, in response, J&S filed a motion to dismiss. Dkt. 140. The Court has since set a hearing on that motion for December 19, 2024. Dkt. 160. That hearing will take place after the expiration of deadline to file dispositive and *Daubert* motions, which is currently set for December 13, 2024. J&S's present motion seeks to amend to scheduling order to push back the dispositive and *Daubert* motion deadline until after the resolution of its motion to dismiss and motion to reconsider. TB Holding opposes the motion.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 16(b)(5), the Court may amend the scheduling order for good cause. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). The "good cause" standard focuses primarily on the "diligence of the party seeking amendment" but "a court may also consider the existence or degree of prejudice to the opposing party." *Id.* at 608. J&S argues that it has displayed the requisite diligence in seeking to amend the scheduling order. Once the Court rescheduled the hearing on the motion to dismiss for December 19th after the dispositive motion deadline and *Daubert* motion deadline, J&S filed

this motion shortly thereafter. The Court agrees that this quick turnround meets the standard for diligence.

The Court, however, will not grant J&S's request to indefinitely extend the deadlines for *Daubert* and dispositive motions. J&S argues that the resolution of its motion to reconsider and motion to dismiss will impact the relevant issues for dispositive and *Daubert* motions, may require significant modifications of the scheduling order, or may even render the remaining deadline moot. Indeed, this is often the case in litigation—pending motions will impact how, or even whether, a case proceeds. That alone, does not warrant, essentially, staying the case. That said, a relatively modest one-month extension of the dipositive motion and *Daubert* motion deadline is appropriate here. This extension will, at a minimum, allow the parties to be heard on the motion to dismiss before the dispositive motion deadline.

TB Holding indicates it will be prejudiced by any extension of these deadlines. The Court, however, finds that any prejudice is minimal. TB Holding has already filed two motions for partial summary judgment and has indicated it does not intend to file a third motion. A month-long extension avoids the problems present in J&S's request for an indefinite extension of the deadlines, which the Court agrees would prejudice TB Holding. As such, dispositive motions and

**MEMORANDUM DECISION AND ORDER - 3**

*Daubert* motions shall be filed on or before January 21, 2025.

While the Court endeavors to issue opinions in a timely fashion, both motions may not be resolved by this new deadline. Absent an unforeseen event or agreement among the parties, the Court is unlikely to find that an additional extension is warranted. As TB Holding repeatedly points out, this case was filed over two years ago and has been rife with delays and disputes that have driven up the cost of this litigation. Neither party, however, is immune from blame for that cost. As the present dispute makes quite clear, counsel has proved unable or unwilling to compromise on most matters, including even those that are relatively straightforward.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Amend Scheduling Order (Dkt. 162) is **GRANTED**.

2. The December 13, 2024 deadline for dispositive motions and *Daubert* motions is hereby VACATED.

3. Dispositive motions and *Daubert* motions shall be filed on or before **January 21, 2025.**



DATED: December 12, 2024

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 5**