UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TB HOLDING COMPANY LLC, a Colorado limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>J&S SIDING, an Idaho limited liability company,<br><br>Defendant. | Case No. 4:22-cv-00307-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is J&S Siding Company's motion to reconsider the Court's decision granting TB Holding's motion for partial summary judgment (Dkt. 161). For the reasons discussed below the Court will deny the motion.

# BACKGROUND

The facts of this case are well-trodden ground. Dkt. 80, 91, 128, 143, 159. In short, TB Holding filed a complaint against J&S alleging J&S infringed three of TB Holding's patents. *Am. Complaint*, Dkt. 134. The three patents cover a simulated log siding panel (U.S. Patent No. 9,732,529), the machine attachment used to make the siding (U.S. Patent No. 9,283,604), and the design of the log

MEMORANDUM DECISION AND ORDER - 1

siding (U.S. Design Patent D602,612). *Id.* J&S denies any infringement and claims, as relevant here, that TB Holding's patents are invalid. *Am. Ans.*, Dkt. 179. Following the close of discovery, TB Holding filed a motion for partial summary judgment that its patents are not invalid and not unenforceable. Dkt. 73. The Court held a hearing on the motion and indicated it was inclined to grant the motion. Three days later, J&S filed a supplemental response to TB Holding's motion for summary judgment that included several additional exhibits. Dkts. 104 &105. The Court ultimately considered this late-filed evidence, but determined that summary judgment on the issue of invalidity was warranted because J&S failed to present sufficient evidence for a jury to conclude that the patents were invalid. Dkt. 159. J&S now seeks reconsideration of that order. TB Holding opposes the motion.

## LEGAL STANDARD

Courts have inherent power to modify their interlocutory orders before entering a final judgment. *Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47–48 (1943); *see also* Fed. R. Civ. P. 54(b). "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal citations omitted).

MEMORANDUM DECISION AND ORDER - 2

When determining the merits of a request to reconsider an interlocutory order, this Court and others within the Ninth Circuit are often guided by standards of review substantially similar to those used under Rule 59(e). *See Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, Case No. 1:17-cv-00519-DCN, 2020 WL 2841517, at *10 (D. Idaho June 1, 2020). Under Rule 59, reconsideration may be warranted: (1) because of newly discovered evidence; (2) because the Court committed clear error or the order was manifestly unjust; or (3) due to an intervening change in the law. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. AC&S, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

Regardless of the standard or rule under which they are brought, "motions for reconsideration are generally disfavored . . . and may not be used to present new arguments or evidence that could have been raised earlier." *Am. Rivers v. NOAA Fisheries*, No. CV-04-00061-RE, 2006 WL 1983178, at *2 (D. Or. July 14, 2006) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)). "[A] motion for reconsideration should not be granted absent highly unusual circumstances." *Kona Enterprises, Inc v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).

## ANALYSIS

J&S argues that reconsideration is appropriate because the Court committed

a manifest error of fact and because of newly discovery evidence. The Court will address each in turn.

A.  **Clear Error**

J&S argues that the Court's conclusion that J&S "has not presented any evidence that Mr. Cunningham's log-siding machine predates 2008" was error. It claims that this was error because the Court did not consider Mr. Cunningham's invalidity report or his sworn deposition testimony. "Clear error occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

J&S has not identified any clear error. Mr. Cunningham's invalidity report was filed in August 2024, several months after the Court held a hearing and J&S submitted its supplemental material. J&S never requested that the report be considered in opposition to summary judgement. *See Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029–30 (9th Cir. 2001) ("[T]he district court may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein."). Moreover, "[i]t is not the district court's job to sift through the record to find

admissible evidence in support of a non-moving party's case." *Claar v. Burlington N.R.R.*, 29 F.3d 499, 504 (9th Cir. 1994). The failure to consider a separately filed report, submitted months after briefing on the motion completed, is not clear error.

The same is true for the Court's failure to consider Mr. Cunningham's deposition testimony. This testimony was not filed anywhere in the Court's record before the present motion. The Court could not consider this evidence when it ruled on the original motion and J&S provides no explanation as to how this failure amounts to clear error. *See e.g.*, *Neal v. Kendall*, No. 2:20-cv-2281-JAD-NJK, 2024 WL 3654804, at *2 (D. Nev. Aug. 2, 2024) (finding court could not "have erred in not considering this hypothetical evidence on summary judgment because it wasn't before [it].")."). Accordingly, the motion to reconsider based on clear error is denied.

### B.  Newly Discovered Evidence

J&S also argues that newly discovered evidence warrants reconsideration. It explains that in November 2024, J&S found evidence of a simulated log siding job performed by Mr. Cunningham in 1999. *See Walrath Decl.*, Ex. A, Dkt. 161-2. To prevail on its motion, J&S must establish that this evidence existed at the time of the proceeding, that it could not have been discovered through due diligence, and is of such a magnitude that production of it earlier would have been likely to change

**MEMORANDUM DECISION AND ORDER - 5**

the disposition of the proceeding. *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987). "Evidence is not 'newly discovered' under the Federal Rules if it was in the moving party's possession at the time of [the proceeding] or could have been discovered with reasonable diligence." *Id.* (quoting *Engelhard Indus. v. Research Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir. 1963)).

J&S can satisfy only the first element for reconsideration based on newly discovered evidence. Mr. Cunningham installed these panels in 1999, although no record existed of this job because the records were stolen. *Cunningham Decl.* at ¶ 3, Dkt. 166-1. The siding was discovered only when J&S removed the siding on a client's home and recognized the siding. *Walrath Decl.* at ¶ 2, Dkt. 161-2. This evidence existed at the time of the proceeding as the panels were installed in 1999, however, the evidence was plainly not in J&S's possession until early November 2024. *Davis Decl.* at ¶¶ 3–4, Dkt. 161-1.

TB Holding argues this paneling could have been discovered with reasonable diligence. It points out that Joe Walrath, one of the owners of J&S, has known Mr. Cunningham for over 50 years, and has been in contact with Mr. Cunningham recently as Mr. Cunningham prepared for his deposition in this case. *See Camacho Decl.*, Ex. A at 26:13 –27:2, 28:6, 31:24–32:9, 31:24–32:9, Dkt.

**MEMORANDUM DECISION AND ORDER - 6**

163-2. And, he had a clear awareness of the simulated metal log siding manufactured by Mr. Cunningham's company, to the point that he immediately recognized it when he saw it on the Davis's home. *Walrath Decl.* at ¶ 2, Dkt. 161-2. The only thing Mr. Walrath was unable to show, in submitting materials in opposition to summary judgment, was whether the Cunningham simulated metal log siding was manufactured before TB Holding's patent priority date of 2008. A simple inquiry of Mr. Cunningham would presumably have resolved that issue.

It is true that Mr. Cunningham did not have his business records from this time. It is also possible that he may not have recalled the specific client or address information of a job performed over 20 years ago. However, we will never know, since there is no indication that any inquiry was made of Mr. Cunningham at a point in time where the Court could have considered it in resolving the summary judgment motions. For that reason, the Court cannot conclude that J&S exercised reasonable diligence in attempting to discover evidence that Mr. Cunningham was producing his simulated log siding prior to 2008.

In addition, even if J&S can show that they acted with reasonable diligence, they cannot establish that this evidence is of such a magnitude that it would change the result of the proceeding. This is so largely because of the deficiencies in J&S initial opposition to summary judgment. J&S failed to present any evidence or

**MEMORANDUM DECISION AND ORDER - 7**

argument as to its invalidity claim. Instead, it submitted a supplemental declaration with several exhibits purporting to support invalidity only after the Court indicated at the hearing on the motion for summary judgment that J&S had wholly failed to carry its burden at summary judgment. It, again, provides the Court with evidence (several declarations and a photo) untethered to any argument or analysis.

The Court considered the late-filed evidence, but, even so, the evidence could not establish that Mr. Cunningham's system—or any other system—predated Mr. Baum's system. Undoubtedly, that Mr. Cunningham installed simulated log siding on the Davis' house in 1999 is sufficient for a jury to conclude the system predates Mr. Baum's system. The requirement that the alleged prior art must predate the patent, however, is not the only requirement to show invalidity. Indeed, issued patents are presumptively valid. 35 U.S.C. § 282. J&S argues that TB Holding's patents are invalid based on prior art. *Am. Ans*. at 4, Dkt. 17. To survive summary judgment, J&S must produce sufficient evidence to show by clear and convincing evidence "that the patent[s] should never have issued in the first place." *Microsoft Corp. v. i4i Ltd. Partnership*, 564 U.S. 91, 96 (2011) (citing § 282 of the patent act). More specifically, J&S is, presumably, arguing that TB Holding's patents are invalid for lack of novelty or, in other words, they are anticipated by prior art. *Mem. Dec. & Order* at 6, Dkt. 159. "An anticipation

**MEMORANDUM DECISION AND ORDER - 8**

defense under 35 U.S.C. § 102 requires clear and convincing evidence that a single prior-art reference discloses all limitations of a claim." *Lucent Technologies, Inc. v. Microsoft Corp.*, 544 F. Supp. 2d 1080, 1092 (S.D. Cal. 2008).

Even considering the newly discovered evidence, the Court is left in no better position than on the original motion to determine whether Mr. Cunningham's system anticipated Mr. Baum's system. "An anticipation analysis requires a comparison of the construed claim to the prior art." *Helifix, Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1346 (Fed. Cri. 2000). J&S does not conduct this analysis. Instead, it argues the log siding from the Davis's house is "essentially identical" to Mr. Baum's log siding. This conclusory statement, even in conjunction with the photographs of Mr. Baum's simulated log siding and Mr. Cunningham's simulated log siding, is insufficient for a jury to conclude, by clear and convincing evidence, that Mr. Cunningham's system anticipates a claim in one or more of TB Holding's patents. *Schumer v. Laboratory Computer Sys., Inc.*, 308 F.3d 1304, 1315–16 (Fed. Cir. 2002). Certainly, comparing the images of the two simulated log sidings raises the possibility that Mr. Cunningham's system constitutes prior art, but the mere possibility is not enough to survive summary judgment. Accordingly, J&S' motion to reconsider is denied.

## ORDER

**MEMORANDUM DECISION AND ORDER - 9**

**IT IS ORDERED that** Defendant's Motion for Reconsideration (Dkt. 121) is **DENIED**.

DATED: March 13, 2025

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 10