Frederick J. Hahn, III (ISB No. 4258)
Samuel K. Hahn (ISB No. 10911)
HAHN LAW OFFICE
PO Box 50698
Idaho Falls, Idaho 83405
Telephone:  208.506.5825
Facsimile:  208.506.5826
fjh@hahn-law.net
skh@hahn-law.net

Elizabeth G.H. Ranks (Admitted *Pro Hac Vice*)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA  02210
Telephone:  617.542.5070
Facsimile:  617.542.8906
ranks@fr.com

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TB HOLDING COMPANY LLC, a Colorado limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>J and S SIDING COMPANY, LLC, an Idaho limited liability company,<br><br>Defendant. | Case No. 4:22-cv-00307 BLW<br><br>**J AND S'S REPLY IN SUPPORT OF MOTION TO EXCLUDE DAMAGES OPINIONS OF JAMES HARRINGTON (Dkt. 176)** |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ...................................................................................................................... 1

    A. Harrington Did Not Rely on Any Actual Agreements............................................. 1

    B. Harrington's Reasonable Royalty Rate Is Arbitrary ................................................ 4

    C. Harrington Should Not Be Permitted to Testify to Ancillary Sales......................... 4

III. CONCLUSION ................................................................................................................... 4

## TABLE OF AUTHORITIES

**Cases**                                                                                                            **Page(s)**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
   694 F.3d 1312 (Fed. Cir. 2012)......................................................................................2

*C.f. i4i Ltd. P'ship v. Microsoft Corp.*,
   598 F.3d 831 (Fed. Cir. 2010)........................................................................................3

*Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prods. Grp., LLC*,
   879 F.3d 1332 (Fed. Cir. 2018)......................................................................................4

*Omega Patents, LLC v. CalAmp Corp.*,
   13 F.4th 1361 (Fed. Cir. 2021) ......................................................................................3

*Virnetx, Inc. v. Cisco Sys., Inc.*,
   767 F.3d 1308 (Fed. Cir. 2014)......................................................................................2

**I.   INTRODUCTION**

Mr. Harrington's utility patent damages opinons should be excluded. TBH tries to convince the Court that Mr. Harrington relied on "copies" of agreements. Not so. TBH never produced, and Mr. Harrington never reviewed, any executed agreements. Because Mr. Harrington's utility patent damages opinion is based on his purported analysis of these allegedly comparable but not produced documents (documents which cannot be evaluated by this Court or the jury), his opinion should be stricken. Further, TBH makes no attempt to explain how a 65% increase over allegedly comparable agreements is not an arbitrary rate proffered by Mr. Harrington. Because Mr. Harrington's arbitrary rate is not tied to the evidence, this provides an additional reason that Mr. Harrington's utility patent damages opinion should be stricken.

**II.   ARGUMENT**

**A.   Harrington Did Not Rely on Any Actual Agreements**

Mr. Harrington's damages opinion rests, not on the actual text of any signed agreement, but rather on the allegations that agreements exist and assumptions about their terms. This is improper and requires his opinions to be stricken. TBH's allegations that Mr. Harringon relies on "copies of documents" is simply not accurate. TBH does not dispute that it never produced any actual signed license agreements related to the asserted patents. *See* Opp'n (Dkt. 185) at 1-2. Nor did TBH provide any testimony from any of the alleged licensees. At most, TBH produced some signature pages, with illegible signatures, that provide none of the terms on which Mr. Harrington bases his opinion. *See* Dkt.177-7 at 9-12.[1] Therefore, Mr. Harrington's opinion, which is based on these alleged agreements that he has never seen, must be excluded.

---

[1] Further, Mr. Harrington claims to have reviewed at least five licenses, but even the pages that TBH did produce appear to provide only three different signature pages, as discussed below.

The cases cited by TBH are inopposite. In *ActiveVideo*, the Federal Circuit held that the district court "had a legitimate reason for disallowing cross-examination of ActiveVideo's expert on the Scientific Atlanta offer because ***it was unsigned***." *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1332-33 (Fed. Cir. 2012). The other agreements at issue in *ActiveVideo* were disputed for other reasons—not because the expert never even reviewed them, which is the case here. *See id.* at 1333. Similarly, in *Virnetx*, there was no allegation that the licenses were not reviewed by the damages expert, but rather the argument was over the comparablitly of the licenses that the expert reviewed. *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1330 (Fed. Cir. 2014). Here, there are no licenses to review. In fact, this is more similar to the properly excluded testimony in *ActiveVideo* where the district court was right to exclude testimony about unsigned licenses. 694 F.3d at 1332-33.

TBH's claim that Mr. Harrington "had the signature pages" from ***five*** different parties is not even accurate. Opp'n at 6. At most, Mr. Harrington had signature pages from ***three*** parties, and Mr. Harrington was unable to confirm at his depositions who signed any of the pages. *See* Ex. 1 (Harrington Dep., Dkt. 175) at 133:4-136:23. Mr. Harrington confirmed that the alleged copy of the "form agreement" (Harrington Dep. Ex. 8) could have been a draft agreement that was subsequently edited or altered. *Id.* (confirming he assumed what the actual terms of the license are, and acknowledging the alleged license could be a draft). The solution to all of this would have been to show the actual licenses to Mr. Harrington, but no one appears to have them:

> Ms. Ranks: **Q.** But we can't actually read the contract, right? We can't say, okay, the guy that signed Page 10 we know exactly what contract he signed, right?
>
> Mr. Camacho: Objection. Mischaracterizes.
>
> Mr. Harrington: **A.** We don't have the earlier pages with the signed copies.

*Id.* at 136:6-14; *see also id.* at 136:16-23 (confirming the file he has [Dkt. 177-7] does not include the actual pages of the contracts).[2]

Thus, the only evidence that these licenses exist is TBH's agents' self-serving statements. Further, TBH acknowledges that there is no evidence that these alleged licenses were complied with, as Mr. Harrington admitted he did not know if any alleged licensee paid the alleged $10,000 fee. Opp'n at 4-5. There is simply no evidence of the terms of any of the alleged agreements other than TBH's say-so.

This is not a case where the methodology is sound and thus disputes about relevancy go to weight. *C.f. i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 852 (Fed. Cir. 2010). The Federal Circuit has set out the minimum analysis required by a patentee's damages expert. After meeting the ***threshold*** of actually reviewing the ***terms*** of each agreement, the expert must establish that allegedly comparable licenses are economically comparable to the hypothetical negotiation, without relying on the licensor's policy or say-so. *Omega Patents, LLC v. CalAmp Corp.*, 13 F.4th 1361, 1379 (Fed. Cir. 2021) (ordering a new trial because damages expert's testimony, despite discussing 18 signed agreements that the expert reviewed, relied heavily on a party's internal "policy" rather than the terms of the agreements). Here, all we have is TBH's alleged policy that it used the same form agreement. We do not have the actual agreements, and TBH admits that Mr. Harrington relied on Mr. Reed-Baum for the "key terms" (Opp'n at 6). Thus, at least under *Omega*, it would be reversable error to allow Mr. Harrington to testify about these alleged agreements at trial.

---

[2] TBH and third-party NAMC's decision to withhold documents during discovery cannot now be used to TBH's advantage.

### B. Harrington's Reasonable Royalty Rate Is Arbitrary

TBH fails to address how Mr. Harrington's proffered rate of 16.5% is reasonable and non-arbitrary. This represents a 65% increase over TBH's other alleged licensing rates. TBH provides no explanation for how "economically comparable licenses" establish a rate at 10%, but Mr. Harrington claims J and S would have agreed to 16.5%. This is the type of arbitrary analysis that the Court should exclude as part of its gatekeeping role.

Despite TBH's claims, analysis of the *Georgia Pacific* factors does not absolve a damages expert. *See Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prods. Grp., LLC*, 879 F.3d 1332, 1349-51 (Fed. Cir. 2018) (ordering a new damages trial where expert "merely addressed the *Georgia–Pacific* factors in light of the facts and then plucked the 5% royalty rate out of nowhere"). "It is not enough for an expert to simply assert that a particular royalty rate is reasonable in light of the evidence without tying the proposed rate to that evidence." *Id.* The same is true here. Mr. Harrington's 16.5% rate was plucked out of nowhere and should be stricken.

### C. Harrington Should Not Be Permitted to Testify to Ancillary Sales

TBH states that Mr. Harrington does not rely on ancillary sales for his design-patent damages calculation. Opp'n at 7-9. J and S asks the Court to hold TBH to its word at trial, to the extent Mr. Harrington is allowed to testify, he should not be allowed to discuss ancillary sales with regard to any alleged design patent damages.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude the damages opinions of Mr. Harrington.

Dated:  March 18, 2025    Respectfully submitted,

*/s/ Elizabeth G.H. Ranks*
Frederick J. Hahn, III (ISB No. 4258)
Samuel K. Hahn (ISB No. 10911)
HAHN LAW OFFICE
PO Box 50698
Idaho Falls, Idaho 83405
Telephone:  208.506.5825
Facsimile:  208.506.5826
fjh@hahn-law.net
skh@hahn-law.net

Elizabeth G.H. Ranks (Admitted *Pro Hac*)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA  02210
Telephone:  617.542.5070
Facsimile:  617.542.8906
ranks@fr.com

*Attorneys for Defendant*
*J and S Siding Company, LLC*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of March, 2025, the foregoing was filed electronically through the CM/ECF system, which caused the following party to be served by electronic means, as more fully reflected on the Notice of Electronic filing:

Anne E. Henderson (aehenderson@hollandhart.com)

Jesse B. Camacho (jesse.camacho@practus.com)

*/s/ Elizabeth G.H. Ranks*
Elizabeth G.H. Ranks