UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TB HOLDING COMPANY LLC, a Colorado limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>J&S SIDING, an Idaho limited liability company,<br><br>Defendant. | Case No. 4:22-cv-00307-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is TB Holding Company's Motion to Strike J and S Siding's Third Amended Answer (Dkt. 184). For the reasons set forth below, the Court will grant the motion.

### BACKGROUND

In June 2024, TB Holding filed its Amended Complaint removing one sentence from the original complaint. Dkt. 134. In response, J&S filed a motion to dismiss. *See* Dkt. 140. The Court denied the motion and J&S filed its amended answer. Dkts. 173, 179. J&S pled several affirmative defenses not pled in its original answer, including implied license and repair, which the Court already

MEMORANDUM DECISION AND ORDER - 1

deemed waived. TB Holding now moves to strike J&S's Amended Answer. J&S opposes the motion to strike.

## ANALYSIS

### A.   Motion to Strike

TB Holding asks the Court to strike J&S's Third Amended Answer because the pleading is inconsistent with the Court's prior orders. J&S, in turn, argues the amendments are appropriate as a matter of course pursuant to Rule 15. When, as here, a defendant is served with an amended complaint, courts in the Ninth Circuit have generally opted for one of three approaches:

> First, under the permissive approach, a defendant served with an amended complaint may amend its answer as of right without being limited by the scope of the changes made in the amended complaint. Second, under the moderate approach, newly alleged counterclaims are allowed as of right only to the extent they directly relate to changes in the amended complaint. And third, under the narrow approach, an amended answer must be confined to the amendments to the complaint. While most district courts within the Ninth Circuit apply the moderate approach, courts remain sensitive to equitable considerations and concerns about appropriate docket managements.

*Brady v. Delta Energy and Communications, Inc.*, No. 5:21-cv-01843-FWS-SHK, 2024 WL 4003928, at *1 (C.D. Cal. Apr. 9, 2024) (quoting *City of W. Sacramento, Cal. V. R&L Bus. Mgmt.*, No. 2:18-cv-900-WBS FEB, 2019 WL 2249630, at *1 (E.D. Cal. May 23, 2019)). The Court previously instructed J&S that any amendments to its answer in response to an Amended Complaint "must be related

**MEMORANDUM DECISION AND ORDER - 2**

to the misstatement that TB Holding 'manufactures, distributes, and sells elongated metal simulated log siding panel in the state of Colorado.'" Dkt. 107 n. 6. This instruction is consistent with the so-called "moderate approach" adopted by most district courts in this Circuit.

Indeed, the moderate approach makes sense in this case. TB Holding amended its Complaint to remove a single sentence. This minor amendment should not open the door to unrelated amendments to J&S's answer. Indeed, "[a] defendant is not [even] required to file a new answer to an amended complaint when the allegations in the amended complaint do not 'change the theory or scope of the case.'" *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 715 (9th Cir. 2020). J&S argues that TB Holding has in fact changed the theory and scope of the case. *See Response* at 4–5. This argument is essentially the same as arguments J&S has already made and the Court rejected when it determined its affirmative defenses were waived. *See* Dkt. 91. In any event, the amendment to the Complaint did not change the scope of the case as it concerned only a single sentence. Accordingly, the motion to strike is granted.

B.   **Leave to Amend**

J&S asks, in the alternative, that the Court treat its pleading as a motion for leave to amend. *Response* at 8, Dkt. 189. At the outset, the Court will deny this

**MEMORANDUM DECISION AND ORDER - 3**

motion with respect to J&S's defenses of implied license and repair. The Court already determined that these defenses are waived, and it need not repeat that analysis for what would be a third time. *See* Dkts. 91, 143.

      J&S seeks leave to amend to add other defenses the Court has not deemed waived, specifically express license and extinguishment (or exhaustion). "A party seeking to amend a pleading after the date specified in the scheduling order must first show good cause for amendment under Rule 16, then if good cause be shown, the party must demonstrate that amendment was proper under Rule 15." *Johnson v. Mammoth Mountain*, 975 F.2d 604, 608 (9th Cir. 1992) (internal citations omitted). "Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment." *Id.* A court should find good cause only if the moving party shows it "could not reasonably meet the established timeline in a scheduling order despite [its] diligence." *DIRECTV, Inc. v. Busdon*, No. CV-04-265-S-LMB, 2005 WL 1364571, at *1 (D. Idaho 2005). J&S, however, does not address Rule 16, relying only on Rule 15 to justify amendment. Absent a showing of good cause, leave to amend is not warranted. Accordingly, the Court will deny the request for leave to amend to add the new affirmative defenses.

**ORDER**

      **IT IS ORDERED that**

**MEMORANDUM DECISION AND ORDER - 4**

1. Plaintiff's Motion to Strike (Dkt. 184) is **GRANTED**.

2. Within 14 days of the issuance of this Order, Defendant shall file an Amended Answer consistent with this Order.

DATED: June 3, 2025

B. Lynn Winmill
U.S. District Court Judge