UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

TB HOLDING COMPANY LLC, a
Colorado limited liability company,

Plaintiff,

v.

J&S SIDING COMPANY, an Idaho
limited liability company,

Defendant.

Case No. 4:22-cv-00307-BLW

**MEMORANDUM DECISION
AND ORDER**

## INTRODUCTION

Before the Court is J&S Siding Company's motion for summary judgment
(Dkt. 178-1), TB Holding's cross-motion for summary judgment (Dkt. 186), and
J&S's motion to strike the cross-motion (Dkt. 190). For the reasons set forth
below, the Court will deny the motion for summary judgment and grant the motion
to strike.

## BACKGROUND

This motion is the third motion for summary judgment filed in this case. As
such, the facts of this case have been comprehensively set forth elsewhere in the
record. *See* Dkts. 91, 159. In short, TB Holding alleges J&S is infringing three of

its patents: US Patent 9,283,604; US Patent 9,732,529, and US Design Patent D602,612. *Am. Compl.*, Dkt. 134. J&S denies any infringement and, again, claims that the affirmative defenses of repair and implied license preclude liability. J&S previously raised these defenses in opposition to TB Holding's first motion for summary judgment and the Court deemed those defenses waived. Dkt. 91. In any event, J&S now argues those defenses require summary judgment in its favor. TB Holding opposes the motion and filed a cross motion for summary judgment on infringement.

## LEGAL STANDARD

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). There must be a genuine dispute as to any *material* fact—that is, a fact "that may affect the outcome of the case." *Id.* at 248. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

MEMORANDUM DECISION AND ORDER - 2

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to a material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). "When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). In evaluating whether the moving party has met this burden, the Court must view the evidence in the light most favorable to the non-moving party and the Court must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).

Once the moving party has met its burden, the non-moving party carries the burden to present evidence showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 323. The non-moving party must go beyond the pleadings and show through "affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Id.* at 324.

## ANALYSIS

### A.    J&S's Motion for Summary Judgment

J&S raises several arguments to support its motion for summary judgment, all of which have already been raised and rejected multiple times. The Court will

therefore address these arguments only briefly.

First, J&S argues that TB Holding's Amended Complaint relies on the existence of a second pirated attachment, and it cannot prove that any attachment exists. This argument is a version of the argument advanced by J&S in opposition to TB Holding's first motion for partial summary judgment. *See* Dkt. 49 at 3–5. The Court rejected this argument, *see* Dkt. 91 at 6–7, and J&S raised it again in a motion to clarify, *see* Dkt. 98-1 at 3–6. The Court, again, rejected the argument. *See* 143 at 2–3. It fares no better on a third try. As previously explained, the Complaint is broad enough to allege a claim for infringement in the absence of a second attachment.

Second, J&S argues that it has permission to use the log-siding attachment. This argument is repackaged version of its implied license defense, which the Court has already made clear is waived. *See* Dkts. 91, 143. J&S nonetheless argues that it is reversible error for the Court not to consider this waived defense. Not so. Certainly, the Ninth Circuit has recognized that a defendant may raise an affirmative defense for the first time at summary judgment. *See Magana v. Com. Of the N. Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997). This principle, however, is inapplicable here because J&S is not raising this affirmative defense for the first time. It has raised implied license several times already and the Court

already deemed the defense waived. It is not necessary, despite J&S's claims otherwise, for the Court to consider it now. *See e.g.*, *Hardy v. Kellogg Sales Company*, No. 16-CV-04955-LHK, 2019 WL 3804661, at *10 (N.D. Cal. Aug. 13, 2019).

The same is true of J&S's third argument that summary judgment is warranted because it has a right to make repair parts. This argument, again, is a version of J&S's waived repair defense. The Court has already determined this defense is waived. J&S may not raise it now. *See* Dkts. 91, 143.

Finally, J&S argues that indefinite claim terms in the '529 patent render the patent invalid. The Court has already granted summary judgment of no invalidity. *See* Dkt. 159. The Court, again, entertained and rejected J&S's motion to reconsider the order granting summary judgment of no invalidity and rejected it. *See* Dkt. 191. There is no reason to revisit that decision for a third time. Accordingly, J&S's motion for summary judgment is denied.

## B.    Motion to Strike

In response to J&S's motion for summary judgment, TB Holding filed a cross-motion for summary judgment. J&S moved to strike the cross-motion, arguing it runs afoul of the Court's order prohibiting TB Holding from filing a third motion for summary judgment. *See* Dkt. 172. The Court agrees and will strike

the cross-motion. "The Supreme Court has long recognized that a district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See e.g.*, *Cahill v. Insider Inc.*, 131 F.4th 933, 938 (9th Cir. 2025) (internal quotation marks omitted). TB Holding's cross-motion plainly subverts the Court's order directing it not to file a third motion for summary judgment. Accordingly, the cross-motion is stricken.

## ORDER

**IT IS ORDERED that:**

1.     Defendant's Motion for Summary Judgment (Dkt. 178) is **DENIED**.

2.     Defendant's Motion to Strike (Dkt. 190) is **GRANTED**.



DATED: June 4, 2025

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 6**